In the Matter of The **THEOBALD INDUSTRIES, INC.,** a Corporation of the State of New Jersey, Debtor.

The **THEOBALD INDUSTRIES, INC.,** Debtor, and Charles A. Stanziale, Jr., Trustee, Plaintiffs,

v.

**LOCAL 786, INTERNATIONAL CHEMICAL WORKERS UNION, AFL-CIO** and The **National Labor Relations Board, Twenty-Second Region,** Defendants.

Adv. No. 80–0730.

United States Bankruptcy Court, D. New Jersey.

June 11, 1981.

Crummy, Del Deo, Dolan & Purcell by Frank J. Vecchione, Newark, N. J., for plaintiff debtor.

Schwartz, Steinberg, Tobia, Stanziale & Gordon by Benjamin H. Becker, East Orange, N. J., for plaintiff trustee.

G. Peter Clark, New York City, Supervisory Atty., N.L.R.B., Penny Pilzer, Washington, D. C., for N.L.R.B.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The issue here is essentially jurisdictional, specifically whether an unfair labor practice

procedure before the National Labor Relations Board (N.L.R.B.) is subject to the automatic stay provisions of 11 U.S.C. § 362, and/or is otherwise subject to the jurisdiction of the Bankruptcy Court.

The following essentially factual and procedural history is largely undisputed:

1. On December 21, 1976 the debtor and Union Local 786, International Chemical Workers Union, entered into a three-year collective bargaining agreement.

2. On August 8, 1980 the union filed an unfair labor practice charge against the debtor.

3. On November 13, 1980 the plaintiff-debtor filed a complaint in this Court alleging, *inter alia*, that: (a) the debtor did not assume the union contract, that on the contrary chose to let it expire on its termination date, December 21, 1979, with the consequence that the debtor cannot be guilty of unfair labor practices as charged; and (b) the filing of the complaint violates the automatic stay as provided in 11 U.S.C. § 362(a), subjecting both the union and the N.L.R.B. to charges of contempt.

4. The N.L.R.B., denying the above noted allegations, asserts three defenses: (a) the Bankruptcy Court lacks jurisdiction to enjoin a Board unfair labor practice proceeding; (b) that the N.L.R.B. unfair practice proceedings are exempt from the automatic stay by reason of 11 U.S.C. § 362(b)(4); and (c) that the complaint fails to state a cause of action.

5. On December 15, 1980 the trustee filed a complaint against the same defendants herein, seeking essentially the same relief as that sought by the debtor. Because of the commonality of questions of fact and law, the two actions were consolidated.

6. All business operations of the debtor ceased as of December 1979.

7. On February 4, 1981 the N.L.R.B. filed a proof of claim in these proceedings in the sum of $25,910.74, comprising claims for vacation pay, severance pay, clothing allowance and interest, which "claims" are the gravamen of the unfair labor practice allegations now pending before the Administrative Judge of the N.L.R.B. (Case No. 22–CA–10203).

8. On May 29, 1981 this Court issued a temporary restraining order against the defendants and General Counsel for the N.L.R.B., returnable June 5, 1981 which, *inter alia*, enjoined them from proceeding in the aforementioned case before the Board, and ordered each to show cause why an order for a permanent mandatory injunction should not be entered.

It is the deliberative conclusion of this Court that the interests of all parties will be best served if the N.L.R.B.'s claims against the debtor are litigated in this Court. There are several pressing practical considerations that guide us to that conclusion, namely, preservation and conservation of the assets of the estate within a single bankruptcy proceeding encompassing the totality of civil proceedings arising under or related to those proceedings. More importantly, there are compelling legal considerations in support of the Court's conclusion.

Under 28 U.S.C. § 1471, the Bankruptcy Court has jurisdiction over all civil proceedings arising under the Bankruptcy Code. *In re Clawson Medical, Rehabilitation and Pain Care Center*, 9 B.R. 644, 4 C.B.C.2d 73, 77 (Bkrtcy.E.D.Mich.1981); *In re Colegrove*, 9 B.R. 337, 3 C.B.C.2d 839, 842 (Bkrtcy.N.D. Cal.1981).

As stated in *Collier*:

The jurisdiction of the Bankruptcy Court has been transmuted from one which was basically *in rem* to one which is all-encompassing, limited only by whether the civil proceeding arises in, or is related to, the title 11 case.

1 *Collier on Bankruptcy* 3–49 (15th ed. 1980) (construing 28 U.S.C. § 1471(c)).

It is the determination of this Court that the claims asserted by the N.L.R.B. in behalf of the union are essentially monetary in nature, impacting directly and ineluctably on the assets of the estate, and that the determination of the validity and amount of these claims as embodied in the Proof of Claim filed by the N.L.R.B. is within the jurisdiction of this Court.

Notwithstanding the unquestioned jurisdiction of this Court to ascertain the underlying liability and amount of the claim of the N.L.R.B., the N.L.R.B. nonetheless contends that under 11 U.S.C. § 362(b)(4), the N.L.R.B. proceedings are excepted from the automatic stay. This Court finds such contentions anomalous in that the N.L.R.B., conceding as it must that the Court has exclusive jurisdiction of the debtor's property, 28 U.S.C. § 1471(e), nevertheless denies that it has jurisdiction of an essentially pecuniary claim that unquestionably impacts upon the assets of the estate. Moreover, it cannot be denied that the Bankruptcy Court retains jurisdiction over the assets of the debtor's estate, notwithstanding the applicability *vel non* of the § 362(b)(4) exception, *In re State of Missouri*, 647 F.2d 768 (8th Cir. 1981), and hence has jurisdiction of all related civil proceedings, including the N.L.R.B.'s unfair labor practice proceedings at issue here. See 1 *Collier on Bankruptcy*, 3–39 to 3–44.[1] As noted in the House Report which accompanied H.R. 8200: "By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11." H.Rep. No. 95–595, 95th Cong., 1st Sess., 445–46 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6401.

Turning to the legislative history, in explaining the § 362(b)(4) exception, the House Report comments:

Paragraph (4) excepts commencement or continuation of actions and proceedings of governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors. [H.R.Rep. No 595, 95th Cong. 1st Sess. 343 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad. News 5963, 6299]. Additionally, Congressman Don Edwards, Chairman of a subcommittee of the Judiciary Committee considering the Bankruptcy Code, observed:

This section [362(b)(4) ] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

[124 Cong. Record H 11089, *reprinted in* [1978] U.S.Code Cong. & Ad.News, 6436, 6444–6445].

The contention that the claim of unfair labor practice now pending before the N.L.R.B. somehow relates to the protection of the public health and safety, and thus falls within the contemplation of a restrictively construed § 362(b)(4) exception, is rejected. On the contrary, the N.L.R.B. proceedings at issue, although regulatory in nature, primarily relate to the protection of the pecuniary interest in the debtor's estate and not to matters of public safety and health.

This Court notes that a contrary result was reached by the Fifth Circuit Court of Appeals in *National Labor Relations Board v. Evans Plumbing Co.*, 639 F.2d 291 (5th

---

1. In *In re Unit Parts Co.*, 9 B.R. 386, 3 C.B.C.2d 850 (W.D.Okla.1981), the district court held that the Bankruptcy Judge's decision not to abstain from determining *all issues* regarding the claims filed before the N.L.R.B. for wages and grievances was within his discretionary authority and not reviewable by the district court or any other court. *Id.* 9 B.R. 386, 3 C.B.C. at 855.

Cir. 1981) (*per curiam*). The "narrow construction" of the legislative history given § 362(b)(4) in *In re State of Missouri, supra,*[2] wherein the automatic stay provisions were held applicable to certain state regulatory proceedings, strikes this Court as the better view.

Notwithstanding this inclination to the rationale of *In re State of Missouri, supra,* and the narrow construction accorded therein to § 362(b)(4), this Court rests its holding on other grounds. 11 U.S.C. § 105(a) grants the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. The bankruptcy courts have been brought within the scope of the All Writs Statute, 28 U.S.C. § 1651, and are given the powers of a court of law, equity, and admiralty, including considerably expanded contempt power. 28 U.S.C. § 1481. Stays or injunctions issued under these other sections are not automatic upon the commencement of the case, but are granted or issued under the usual rules for the issuance of injunctions. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 342 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 51 (1978).

For all of the foregoing, in furtherance of the underlying purpose of the Bankruptcy Code to expedite the efficient handling of bankruptcy cases, the defendants are herewith permanently enjoined from proceeding with their complaint before the N.L.R.B.

Submit the appropriate order.

---

**2.** Accord, *In re King Memorial Hosp. Inc.,* 4   B.R. 704 (Bkrtcy.S.D.Fla., 1980).