In re Kathleen L. HUGHES, Debtor.

STATE OF OHIO, Movant,

v.

Kathleen L. HUGHES, Defendant.

Bankruptcy No. 3–88–00900.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 16, 1988.

---

Donald F. Harker, III, Dayton, Ohio, for debtor.

Mary Patrick Latham, Asst. Atty. Gen., Consumer Protection Div., Cincinnati, Ohio, for movant.

## DECISION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY

**WILLIAM A. CLARK**, Bankruptcy Judge.

This matter is before the court upon the motion of the State of Ohio to obtain relief from the automatic stay provisions of 11 U.S.C. § 362. This court has jurisdiction pursuant to 28 U.S.C. § 1334 and the referral to this court by the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FACTS

The basic facts, which were uncontroverted by the debtor at the hearing for relief from stay, are contained in Movant's motion:

1) An action is presently pending in the Court of Common Pleas, Greene County, Ohio in which movant is the plaintiff and the debtor is one of the defendants.

2) Said action was brought to obtain a permanent injunction, civil penalties, attorneys' fees, investigative costs, and consumer restitution based on federal and state odometer rollback and disclosure laws and Ohio's Consumer Sales Practices Act.

The issue before the court is whether the state law suit falls within an exception to the automatic stay, thereby permitting the State of Ohio to proceed with its litigation.

### CONCLUSIONS OF LAW

Upon the filing of a petition in bankruptcy, Section 362 of the Bankruptcy Code imposes an automatic stay upon judicial proceedings as well as other proceedings and acts to recover and enforce claims against a debtor and the bankruptcy estate. 11 U.S.C. § 362(a). Section 362 also enumerates certain exceptions to the operation of the automatic stay which are contained in 11 U.S.C. § 362(b). Of importance to the instant proceeding is the statutory exception for the commencement or continuation of an action or proceeding by a governmental unit against the debtor to enforce such governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(4). In addition Section 362(b)(5) permits "the enforcement of a judgment, *other than a money judgment,* obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

Not all proceedings by a state are excepted from the automatic stay and Congress has indicated the types of actions it envisioned as qualifying for the exception:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, *consumer protection,* safety, or similar police or regulatory laws, or *attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, *and to permit the entry of a money judgment,* but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6299 (Emphasis supplied).

The debtor does not dispute that the State of Ohio is seeking to enforce its police or regulatory power or that the relevant state laws are for consumer protection. Nor does she contend that the state should not be permitted to proceed in state court with respect to injunctive relief. She does, however, assert that the automatic stay prevents the state from seeking a judgment for damages in state court. In light of the legislative history, set out above, this court is unable to agree with the debtor's position.

Congress has specifically indicated that actions concerning "consumer protection" law and attempts to "fix damages for violations of such a law" are exceptions to the automatic stay. On the basis of this clear disclosure of congressional intent, there is a sufficient basis to find that the State of Ohio may proceed in state court against the debtor. Nevertheless, further discussion may be desirable because the court of appeals for this court's circuit in *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir.1986), has previously analyzed the scope of Section 362(b)(4) under two judicially developed tests: the "pecuniary purpose test" and the "public policy test."

> Under the pecuniary purpose test, the court asks whether the governmental proceeding relates *primarily* "to the protection of the [government's] pecuniary interest in the debtors' property and not to matters of public safety and health." [citation omitted] The former purpose would subject the proceeding to the stay provision of § 362; the latter would not. *Id.*, at 942.

The pecuniary purpose test has its origin in remarks made by Rep. Don Edwards during the debates on the Bankruptcy Reform Act. The remarks suggest a limitation on Section 362(b)(4):

> This section is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in the property of the debtor or property of the estate. 1978 U.S.Code Cong. & Admin. News at 6444–45 (remarks of Rep. Edwards).

The courts are not in agreement, however, as to the weight to be accorded these

remarks, i.e. whether the remarks amplify the earlier legislative history of Section 362(b)(4) as contained in the Committee Reports, conflict with the earlier legislative history, or do no more than state the problem to be resolved by the courts. *See, e.g., Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267, 274 (3rd Cir. 1984); *CPI Crude, Inc. v. U.S. Dept. of Energy*, 77 B.R. 320, 322 (D.D.C.1987); *Organized Maintenance, Inc. v. Ford (In re Organized Maintenance, Inc.)*, 47 B.R. 791, 795 (Bankr.E.D.N.Y.1985). As a result, conflicting decisions have been reached.

Because of the request for damages by the State of Ohio, there is certainly a pecuniary component to the state court proceedings. Nevertheless, this court is of the opinion that the automatic stay is not applicable for the reasons put forth by the court in *CPI Crude:* [1]

> While it is true that the assessment by the government of a debtor's liability for violations of law may look like the "protection of a pecuniary interest," such a reading of section 362(b)(4) and of that provision's legislative history would render the exception unworkable. It is generally the case that the government regulates private conduct by establishing penalties for certain violations of rules it prescribes. This does not mean that when it seeks to enforce the regulatory scheme in question, it is merely seeking to protect some "pecuniary interest" in the monies represented by the penalties or damages levied. To hold otherwise would be to read subsection (b)(5) out of the statute, at least to the extent that it "permit[s] the entry of a money judgment" against the debtor. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977),

1. This court's adoption of the view expressed in *CPI Crude* is predicated in part on the Third Circuit's position that the exception of Section 362(b)(4) should be broadly construed:

> Given the general rule that preemption is not favored, and the fact that, in restoring power to the States, Congress intentionally used such a broad term as "police and regulatory powers," we find that the exception to the automatic stay provision contained in subsections 362(b)(4)–(5) should itself be construed

broadly, and no unnatural efforts be made to limit its scope. The police power of the several States embodies the main bulwark of protection by which they carry out their responsibilities to the People; its abrogation is therefore a serious matter. Congress should not be assumed, therefore, to have been miserly in its refund of that power to the States. *Penn Terra Ltd. v. Dept. of Environmental Resources, supra,* 733 F.2d, at 273.

U.S.Code Cong. & Admin.News 1978, p. 6299. Under the "pecuniary interest" test as it seems to be applied, a money judgment could *never* be entered against a debtor, for it would necessarily represent only a "pecuniary interest" in the property of the debtor, thus triggering the automatic stay. If it is necessary to give meaning to Rep. Edward's suggesting that section 362(b)(4) does not give relief from a stay where the government seeks to protect a pecuniary interest, one can conceive of situations in which the government might be seeking to perfect an interest in the debtor's property for its own account. *See, e.g., In re Coleman American Cos. Inc.,* 26 B.R. 825 (Bankr.D.Kan.1983) (post-petition IRS assessments void as violative of stay). 77 B.R., at 323.

The second test used by courts in deciding the applicability of Section 362(b)(4) is the "public policy test" which "distinguishes between proceedings that effectuate public policy and those that adjudicate private rights: only the former are excepted from the automatic stay." *N.L.R.B. v. Edward Cooper Painting, Inc, supra,* 804 F.2d, at 942 (quoting *In re Herr,* 28 B.R. at 468). Although the State of Ohio's state law suit would benefit specific individuals, it also acts to vindicate the public interest in preventing deception through odometer tampering. Therefore, when the State of Ohio sues to enforce its state statutes with respect to odometer tampering, it seeks to stop a harm to the public. The state is not functioning simply as a vehicle for conducting litigation on behalf of private parties and its actions are exempt from the automatic stay. *See E.E.O.C. v. Rath Packing Co.,* 787 F.2d 318 (8th Cir.1986). Similarly, in the case of backpay owed by a debtor to its former employees, the Sixth Circuit has found that a proceeding to fix the amount of wages and an *entry* of a money judgment in that amount is excepted from the automatic stay pursuant to Section 362(b)(4). *N.L.R.B. v. Edward Cooper Painting, Inc., supra,* 804 F.2d, at 943.

Counsel for the State of Ohio requested advice as to whether the state is always required to file a motion for relief from stay to continue an action under the Ohio Consumer Sales Practices Act. The facts and circumstances of each case will determine the answer. Certainly such a motion is not *always* required. However, in the instant case the motion was the prudent and most prompt method of determining whether the state could proceed in the state court. The matter could have been litigated by the debtor suing to enforce the automatic stay or for a violation of stay under 11 U.S.C. § 362. An action by the debtor would be out of the control of the state agency and would require more time for process and resolution in the bankruptcy court. In this case the choice by the State of Ohio to move for relief from the stay was the more expeditious way to resolve the matter so that the state court may proceed with the action.

Although the State of Ohio will be permitted to proceed to judgment in this matter, it is obviously not permitted to enforce any money judgment it may obtain against the debtor. 11 U.S.C. § 362(b)(5). For the foregoing reasons it is hereby ORDERED that the State of Ohio is granted relief from the automatic stay to proceed with its action against the debtor in state court.