**In re Thomas Edwin POWELL and Amy Ann Powell, Debtors.**

**Bankruptcy No. 82–02653–S–11.**

United States Bankruptcy Court,
W.D. Missouri, S.D.

Feb. 17, 1983.

---

James I. Singer, St. Louis, Mo., for Local 36, Sheet Metal Workers Int'l Ass'n.

John Newberry, Springfield, Mo., for debtors.

MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

On November 1, 1982 Local Union No. 36, Sheet Metal Workers International Association, AFL–CIO, filed an unfair labor practice charge under § 8(a)(1), (3)(5) and (d) of the National Labor Relations Act, § 158(a)(1)(3)(5) and (d), Title 29, U.S.C. The Union alleged that Tom Powell & Son, Inc., Tom Powell Heating Co. and Tom Powell, alter egos, violated the Act by discharging an employee for union membership and activities.

At the time the complaint was filed, Tom Powell & Son, Inc., and Tom Powell as an individual had filed for relief under Chapter 11 of the Bankruptcy Code. The Union was fully aware of these filings. *In re Tom Powell & Son, Inc.,* 22 B.R. 657, 7 C.B.C.2d 145 (Bkrtcy.W.D.Mo.1982).

Tom Powell individually now moves the Court to cite the Union for contempt for filing the charge in violation of the automatic stay. The Union moves the Court to dismiss the motion as alleging no grounds for relief.

The alleged violation occurred on October 28, 1982, and thus took place, if at all, after the petition was filed. With some exceptions the automatic stay provisions of Section 362 of the Code, Title 11, U.S.C., do not reach post-petition claims. See, for example, this Court's opinion in *Prime, Inc. v. Action Shippers Cooperative, Inc.,* 81–03200–S–11 and 82–1231–S–11 (unpublished January 10, 1983) and *In re York,* 13 B.R. 757 (Bkrtcy.Me.1981).

Section 362 does stay, without regard to when the claim arose, "any act to obtain possession of property of the estate or of property from the estate" and "any act to create, perfect, or enforce any lien against property of the estate." Section 362(a)(3) and (4). Since a proceeding before the National Labor Relations Board could result in an award of back pay, the proceeding could be considered an act to obtain possession of estate property or to create a lien, especially at the time an attempt was made to collect the judgment. The proceeding before the Labor Board, or at least part of it, could arguably fall within the reach of the automatic stay.

The Union argues that such a proceeding is not stayed as falling within the exception of the Section 362(b)(4) allowing "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." But as *State of Missouri v. U.S. Bankruptcy Court,* 647 F.2d 768 (8th Cir.1981) teaches, the "term police or regulatory power refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court." 647 F.2d at 776.

An unfair labor practice proceeding has two purposes. One is to enforce the national labor policy established by law. The other is to grant relief to particular parties who may have suffered damage by reason of a violation of the law. Remedies are both prospective, such as the posting of notices or agreements as to future conduct, and retroactive, such as the awarding of back pay. Vindication of the policies of the Act may require remedies of both kinds.

Prospective remedies, usually not pecuniary, can be dealt with in a reorganization. Retroactive remedies, usually pecuniary, create a different problem. Such a remedy represents a claim which must be dealt with by the bankruptcy court which may or may not allow it. Compare *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) where the Supreme Court pointed out that judgments of other courts may not bind the bankruptcy court if the grounds for such judgment are not clearly set out.

The Courts are divided as to whether proceedings before the Labor Board are stayed by a bankruptcy. Compare *NLRB v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir.1981) and *In re Brada Miller Freight Systems, Inc.,* 16 B.R. 1002, 6 C.B.C.2d 375 (Dist.Ct.N.D.Ala.1981) with *Matter of Theobald Industries, Inc.,* 16 B.R. 537 (Bkrtcy.N.J.1981) and *In re Tucson Yellow Cab Company, Inc.,* 21 B.R. 166 (Bkrtcy.Ariz.1982). For an enlightening discussion of the policy

considerations, see 2 Broken Bench Review No. 1 (January 1983).

The Court concludes that the automatic stay should not be enforced in the context of this particular proceeding before the Labor Board except as to the allowance of any claim for pecuniary relief. There are two reasons. First this is a post-petition cause of action which may or may not be a claim against a debtor. There is a non-debtor entity among the parties charged. Second, the Labor Board is that agency charged with enforcement of national labor policy as expressed in the Act. *Amalgamated Workers v. Edison Co.,* 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738 (1940). It has developed an expertise on the subject. This Court should, therefore, abstain from interrupting proceedings before such an agency except insofar as those proceedings threaten the assets of the estate. *Nathanson v. NLRB,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952); *NLRB v. Evans Plumbing Co.,* supra.

The Motion for Citation for Contempt is DENIED. The Motion to Dismiss is SUSTAINED. The proceeding before the Labor Board may proceed to judgment but the parties are enjoined from the collecting of any pecuniary judgment against debtors pending further proceedings in this Court.