The **FIDELITY STATE BANK, GARDEN CITY, KANSAS,** Plaintiff,

v.

**David OLES, Defendant.**

**Civ. A. No. 89–1043–T.**

United States District Court, D. Kansas.

July 29, 1991.

8ocr

Charles E. Owen, II, Garden City, Kan., J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for plaintiff.

David Oles, pro se.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's pro se memorandum and brief in support of motion to reconsider. Doc. 9. The defendant has not filed a separate motion to reconsider. The court will, however, consider the memorandum that has been filed as a motion to reconsider. The defendant seeks to have the court reconsider its order of May 23, 1991 (Doc. 8) which denied his motion to vacate default judg-

ment. The court summarized the relevant facts in the earlier opinion and will discuss only the facts necessary to address the motion to reconsider.

The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Butler v. Sentry Insurance,* 640 F.Supp. 806, 812 (N.D.Ill.1986). The court is not required to supply the rationale that the parties were unable to find. *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues"). For these same reasons, a court may decline to entertain new arguments raised for the first time in the reply, particularly when the argument involves complex facts or questions. *See, e.g., United States v. Jenkins,* 904 F.2d 549, 554 n. 3 (10th Cir.1990); *Glad v. Thomas County Nat'l Bank,* No. 87–1299–C, slip op. at 2 (D.Kan. Oct. 10, 1990) (1990 WL 171068).

The defendant raises a number of issues in his motion to reconsider. The defendant first argues that the court entered its earlier order prior to the defendant's filing of his brief in support of his motion to vacate. The defendant filed his motion to vacate on

May 9, 1991. The plaintiff filed its response brief on May 14, 1991. No reply brief was filed and the court ruled on May 23, 1991. The court was not required to wait indefinitely for the defendant to file a legal memorandum in support of his motion to vacate. *See* D.Kan. Rule 206.

■ The defendant next notes that he is currently in Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas. The size of the judgment against the defendant in the instant case would disqualify him from relief under Chapter 13. Therefore, the defendant may be subject to conversion or dismissal of his bankruptcy case. The court does not believe that these facts justify relief from a default judgment, if the default judgment is otherwise proper.

■ The defendant next reasserts that he was not personally served with summons and complaint in the present case. In his affidavit, Exhibit E to Doc. 9, defendant merely states that he does not recall ever being personally served with summons and complaint. In the prior order, the court noted that the return of service indicated that the summons and complaint had been personally served upon the defendant in Amarillo, Texas by a Deputy Sheriff. The return of service is strong evidence of the facts contained therein. It is not conclusive, however, and may be controverted upon a showing that the return is inaccurate. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1130 (2d ed. 1987). The fact that the defendant does not recall being served is an insufficient showing to controvert the return of service.

The defendant argues that the filing of this case was a violation of the automatic stay in bankruptcy. The court rejected this argument in the prior order because the defendant had provided the court with no documentation to demonstrate the pendency of a bankruptcy case. The defendant has now provided the court with certain documentation from his earlier bankruptcy filing. For the reasons discussed below, the court finds that no violation of the automatic stay occurred.

■ Section 362 of the Bankruptcy Code provides the automatic stay. As relevant here, section 362 provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

11 U.S.C. § 362(a)(1). Section 362(a)(1) by its terms encompasses only proceedings which were or could have been instituted before the filing of the bankruptcy petition. Claims arising post-petition are not subject to the automatic stay. *See In re Chateaugay Corp.*, 86 B.R. 33, 37–38 (S.D.N.Y.1987); *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 999 (N.D.Ga.1983), *aff'd without published op.*, 742 F.2d 1465 (11th Cir.1984); *In re Hudson Oil Co.*, 100 Bankr. 72, 76 (Bankr. D.Kan.1989) (citing *In re Powell*, 27 B.R. 146, 147 (Bankr.W.D.Mo.1983)); *see also* 2 *Collier on Bankruptcy* ¶ 364.04[1] (15th ed.1979) (claims or actions which arise after the commencement of the bankruptcy case not included within the automatic stay). For purposes of the automatic stay, the acts constituting the claim must arise before the filing of the bankruptcy petition. *Grady v. A.H. Robins Co.*, 839 F.2d 198 (4th Cir.), *cert. dismissed*, 487 U.S. 1260, 109 S.Ct. 201, 101 L.Ed.2d 972 (1988).

■ According to the matters presented to the court, the defendant filed his first bankruptcy petition in 1985. *See* Doc. 9, Exh. D. Plaintiff's complaint alleged that in May 1987, the defendant caused a checking account to be opened with the plaintiff bank. Thereafter, according to the complaint, the defendant caused worthless checks to be deposited to the account. The defendant is then alleged to have with-

drawn the deposited amounts from the account. The conduct alleged in plaintiff's complaint arose after the filing of the 1985 bankruptcy petition and is not governed by the automatic stay. Given this resolution, the court need not address the defendant's argument that the judgment is void for violation of the automatic stay.

The defendant next argues that he made an informal appearance and therefore should have been given notice of the motion for default judgment. The court previously rejected this argument and sees no reason to reconsider its ruling. The fact that some informal communication may have occurred did not excuse the defendant from the requirement of filing an answer to the complaint.

The defendant argues that the default judgment must be set aside because no hearing was held on damages. No evidentiary hearing was held, nor was one required under Rule 55(b) of the Federal Rules of Civil Procedure. The court was satisfied with the matters presented to it in plaintiff's motion for default judgment.

The defendant argues that the complaint fails to allege a cause of action or state a claim on which relief can be granted. The court need not address this issue since it has been raised for the first time in the motion to reconsider. The court has, however reviewed the complaint and concludes that plaintiff's claim does state a claim upon which relief can be granted. Plaintiff's complaint would survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

The defendant argues that the court lacked personal jurisdiction over him. He alleges that he does not do business in Kansas, that he did not reside in Kansas, and that he has no minimum contacts with the State of Kansas justifying the exercise of personal jurisdiction. Additionally, the defendant asks the court to reconsider its prior holding that, "The defendant's conduct, as alleged in the complaint, brings him within the provisions of the Kansas long arm statute, K.S.A. § 60–308(b)(2) (commission of a tortious act within this state)."

The issue of personal jurisdiction requires a two part analysis. First, since this is a diversity case, the court must look to the law of the forum state for the statutory basis of in personam jurisdiction. *Green Country Crude, Inc. v. Avant Petroleum, Inc.*, 648 F.Supp. 1443, 1445 (D.Kan.1986). The court must determine whether the defendant's conduct falls within the scope of one of the provisions of the Kansas long arm statute, K.S.A. § 60–308(b). Second, the court must ascertain whether the exercise of jurisdiction comports with the due process requirements of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. See *J.E.M. Corp. v. McClellan*, 462 F.Supp. 1246 (D.Kan.1978).

The plaintiff must make a prima facie showing that the statutory and due process requirements are satisfied, thus permitting the court to exercise personal jurisdiction over the defendant. *Dirks v. Carnival Cruise Lines*, 642 F.Supp. 971, 973 (D.Kan.1986); *Carrothers Construction Co. v. Quality Service & Supply*, 586 F.Supp. 134, 135–36 (D.Kan. 1984); *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979). Plaintiff is entitled to the benefit of any factual doubt. *Ammon*, 468 F.Supp. at 1309.

The Kansas long arm statute is liberally construed to achieve the state policy of asserting jurisdiction over nonresident defendants to the extent allowed by the due process clause of the fourteenth amendment. See, e.g., *Schlatter v. Mo-Comm Futures, Ltd.*, 233 Kan. 324, 329, 662 P.2d 553 (1983) (quoting *Woodring v. Hall*, 200 Kan. 597, 602, 438 P.2d 135 (1968)). Additionally, as this court has noted, "[i]f the statute is to reach as far as due process permits, a broad statutory interpretation is necessary." *J.E.M. Corp.*, 462 F.Supp. at 1250.

The Kansas long arm statute provides in relevant part:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated,

thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the court of this state as to any cause of action arising from the doing of any of these acts:

....

(2) commission of a tortious act within this state.

....

K.S.A. § 60–308(b)(2).

The defendant relies on *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971) in support of his argument that the court does not have personal jurisdiction. In *Misco Leasing,* the Tenth Circuit held that the Kansas long arm statute did not reach an Oklahoma resident who executed a guarantee in Oklahoma in connection with payments which were to have been made by an Oklahoma lessee to a Kansas lessor. The Tenth Circuit relied on K.S.A. § 60–308(b)(1) and (4). Subsection (b)(1) confers personal jurisdiction over any person who transacts any business in Kansas. Subsection (b)(4) confers personal jurisdiction over any person who contracts to insure any person, property, or risk located within Kansas. Under the Tenth Circuit's analysis, neither of these subsections allow the exercise of personal jurisdiction over a nonresident guarantor. The court did not address subsection (b)(5) of the long arm statute, which confers personal jurisdiction over any person who enters into a contract with a Kansas resident to be performed in whole or in part by either party in Kansas. That subsection was not in existence when the plaintiff in *Misco Leasing* filed suit in 1967. Subsection (b)(5) was thus not available as a basis for jurisdiction over a nonresident guarantor. Subsection (b)(5) was added to the long arm statute in 1971. *See* 1971 Kan.Sess.Laws ch. 195, sec. 1. As the Tenth Circuit later explained, personal jurisdiction was absent in *Misco Leasing* because the plaintiff failed to establish that the guarantor's conduct fell within a specific provision of the Kansas long arm statute. *See Leney v. Plum Grove Bank,* 670 F.2d 878, 881 n. 1 (10th Cir.1982). *Misco Leasing* is no longer persuasive authority in light of the amendment to the Kansas

long arm statute. Further, the case is inapplicable to the present case, where the court found personal jurisdiction pursuant to subsection (b)(2) of the long arm statute.

■ The jurisdictional question is controlled by this court's decision in *J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246 (D.Kan.1978), which the Kansas Supreme Court extended in *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731 (1985). In *J.E.M. Corp.,* the issue was whether a fraudulent misrepresentation made from without the jurisdiction which caused tortious injury within the jurisdiction was a "tortious act within this state" within the meaning of K.S.A. § 60–308(b)(2). This court held that a single phone call between the plaintiff in Kansas and defendant in Illinois was sufficient to confer personal jurisdiction over the defendant in a cause of action for fraudulent misrepresentation. 462 F.Supp. at 1247. The court further held that the exercise of personal jurisdiction comported with due process. *Id.* at 1255.

The Kansas Supreme Court expressly adopted this court's reasoning from *J.E.M. Corp.* and extended it to negligence actions. *Ling v. Jan's Liquors,* 237 Kan. at 633, K.S.A. § 60–308(b)(2) confers personal jurisdiction over a nonresident defendant in a suit brought in Kansas to recover damages for injuries occurring within Kansas which resulted from the defendant's tortious conduct outside Kansas. *Ling,* 237 Kan. at 633, 703 P.2d 731.

In the present case, the plaintiff alleged a scheme to defraud which caused plaintiff injury in Kansas. The plaintiff alleged that the defendant caused a checking account to be opened with the plaintiff bank for the corporation Panhandle Grain Inc. The defendant made transfers from accounts at financial institutions located in Texas to the account at the plaintiff bank in Kansas. The defendant then withdrew funds from the account at the plaintiff bank via checks and wire transfers. The defendant does not even deny the existence of the underlying facts—the opening of the account and the making of deposits and

withdrawals. The fraudulent scheme apparently originated in Texas; however, the injury occurred in Kansas. The defendant's conduct falls within subsection (b)(2) of the long arm statute; thus, the court has personal jurisdiction over the defendant.

Next the court must determine whether the exercise of personal jurisdiction over these defendants comports with due process. The "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The defendant's conduct and the connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). The defendant must purposely avail itself of the privilege of conducting activities in the forum state. *Id.,* 471 U.S. at 475, 105 S.Ct. 2174, 85 L.Ed.2d 528. Jurisdiction may not be avoided merely because the defendant did not physically enter the forum state, as long as the defendant's actions are purposely directed toward residents of the forum state. *Id.* at 476, 105 S.Ct. at 2184.

Once it has been determined that the defendant purposefully established contacts with the forum state, the court may consider other factors, including: the burden on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the states in furthering substantive social policies. *Id.* at 477, 105 S.Ct. at 2184–85. When a defendant, who has purposefully directed his activities at residents of the forum state, seeks to defeat jurisdiction, he must present a compelling case that jurisdiction would be unreasonable. *Id.*

The defendant is not a resident of the State of Kansas. However, he entered into a banking relationship with a Kansas resident, the plaintiff. He made deposits to and withdrawals from a Kansas bank. The defendant knew he was dealing with a Kansas bank. The court finds the requisite minimum contacts exist so that the exercise of personal jurisdiction comports with due process.

The following factors support the exercise of personal jurisdiction over the defendant. The forum state had an interest in the adjudication of this dispute, which involves a Kansas plaintiff and Kansas law. *See Burger King,* 471 U.S. at 473, 105 S.Ct. at 2182 ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). The plaintiff's interest in obtaining convenient and effective relief was furthered by adjudicating the dispute here, where the plaintiff is located. *Id.* The interstate judicial system's interest in obtaining the most efficient resolution for this controversy was furthered by the exercise of personal jurisdiction. No fundamental substantive social policies of any other state would be served by litigating elsewhere, since Kansas substantive law applies. *See id.* at 477, 105 S.Ct. at 2185 ("[T]he potential clash of the forum's law with the 'fundamental social policies' of another State may be accommodated through application of the forum's choice-of-law rules."). Finally, the defendant has not pointed to any compelling reasons why the court should not have exercised jurisdiction on the present case.

As the court noted in its prior opinion, the defaulting defendant bears the burden of proving that the default judgment should be set aside. *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 941 (10th Cir.1982). The movant must meet a two part test. First, the movant must demonstrate justification for relief from judgment under Fed.R.Civ.P. 60(b). Justification for relief is litigated on the merits. To meet this requirement, the movant must

plead and prove mistake, inadvertence, surprise, excusable neglect, or any other justification for relief authorized by Fed. R.Civ.P. 60(b). Second, the movant must demonstrate the existence of a meritorious defense to the action. To meet this step, the movant need only allege a version of the facts which, if true, would constitute a defense to the action. *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir.1983); *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978). The defendant has not demonstrated justification for relief from judgment under Rule 60(b). Further, the defendant has failed to demonstrate the existence of a meritorious defense to plaintiff's claim of fraud. Thus, the default judgment shall not be set aside. *In re Stone*, 588 F.2d 1316 (10th Cir.1978). No evidentiary hearing is necessary.

The defendant raised certain arguments for the first time in his reply brief. As noted above, any new arguments raised in the reply brief do not have to be considered by the court. *See, e.g., United States v. Jenkins*, 904 F.2d 549, 554 n. 3 (10th Cir. 1990); *Glad v. Thomas County Nat'l Bank*, No. 87–1299–C, slip op. at 2 (D.Kan. Oct. 10, 1990) (1990 WL 171068).

IT IS BY THE COURT THEREFORE ORDERED that the defendant's memorandum and brief in support of motion to reconsider (Doc. 9), which the court construes as a motion to reconsider, is hereby denied.