In re The **INVESTMENT BANKERS,
INC.,** Debtor.

James H. **TURNER,** Trustee,
Plaintiff/Appellee,

v.

**DAVIS, GILLENWATER & LYNCH,** and
Gilbert K. **Davis,** individually and as a
partner of Davis, Gillenwater & Lynch,
a partnership, Defendants/Appellants.

Civ. A. No. 91–C–1474.
Bankruptcy No. 81–M–1203.
Adv. No. 82–M–0087.

United States District Court,
D. Colorado.

March 31, 1992.

---

Maria J. Flora, Denver, CO, for James H. Turner.

Robert Copeland, Abingdon, VA, George Vaught, Denver, CO, for Davis, Gillenwater & Lynch.

Theodore Focht, Washington, DC, for Securities Investor Protection Corp.

Gilbert K. Davis, Vienna, VA, pro se.

Joe Walters, Minneapolis, MN, for O'Connor & Hannan.

## ORDER

CARRIGAN, District Judge.

On May 13, 1990, this court entered an order: (1) affirming the bankruptcy court's order setting aside the payment of check # 13419 as a fraudulent conveyance; and (2) remanding the case to the bankruptcy court to make specific findings whether the Trustee was entitled to prejudgment interest, costs and attorneys' fees, 135 B.R. 1008. On remand the bankruptcy court awarded the Trustee prejudgment interest, but not costs or attorneys' fees. Memorandum Opinion and Order, August 9, 1991 (Opinion), 135 B.R. 659. Presently pending is the Defendants/Appellants' (Davis, Gillenwater & Lynch and Gilbert K. Davis) appeal of that order. Plaintiffs/Appellees James H. Turner, Trustee (Trustee), and Securities Investor Protection Corporation have filed briefs in support of the award of prejudgment interest to the Trustee.

The issues have been fully briefed and oral argument would not be helpful. Jurisdiction is founded on 28 U.S.C. § 158(a).

Appellants make two challenges to the bankruptcy court's award of prejudgment interest to the Trustee. Appellants first argue that the bankruptcy court should have rejected the Trustee's request for prejudgment interest because it was untimely made. Secondly, the appellants contend that, if the request was timely made, the award of prejudgment interest was inequitable.

### I. Timeliness of request.

Appellants claim that the Trustee first raised the issue of prejudgment interest on appeal, after failing to argue or present evidence on the issue at the trial court level. Therefore, the appellants assert, that the bankruptcy court erred in awarding prejudgment interest because the Trustee's request was untimely.

Appellants' argument is without merit. By seeking an award of "interest" in his complaint, the Trustee effectively requested prejudgment interest. *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 681 (10th Cir.1989). However, the bankruptcy court initially decided that it did not have jurisdiction to decide the issue of prejudgment interest. In my order of May 15, 1990, I determined that the bankruptcy court did have such jurisdiction and remanded the case for further proceedings consistent with that decision. The bankruptcy court then considered the Trustee's request and awarded prejudgment interest. Accordingly, I find that the Trustee's request was timely made.

### II. Award of prejudgment interest not inequitable.

Appellants next argue that, under the circumstances, the award of prejudgment inter-

est was inequitable because the appellants: (1) did not obtain or keep the disputed funds wrongfully; (2) did not present a frivolous defense; and (3) were not responsible for the extensive delays in this matter.

■ An award of prejudgment interest under federal law is governed by a two-step analysis. The trial court must first determine if the award is compensatory. *Kleier Advertising, Inc. v. Premier Pontiac, Inc.,* 921 F.2d 1036, 1043 n. 4 (10th Cir.1990). Then it must determine whether the award is equitable. *Id.* The overall authority to allow prejudgment interest is within the broad discretion of the trial court. *Federal Deposit Insurance Corp. v. Rocket Oil Co.,* 865 F.2d 1158, 1160 (10th Cir.1989). In order to hold that the award constituted an abuse of discretion, I must find that the bankruptcy court clearly erred in its judgment. *Gordon v. United States Steel Corp.,* 724 F.2d 106, 108 (10th Cir.1983); *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood,* 901 F.2d 849, 851 (10th Cir.1990) (standard of review for district court's review of bankruptcy court decision is *de novo* for legal determinations and clearly erroneous for factual findings).

The bankruptcy court concluded that, because this action was brought pursuant to Sections 547 and 548 of the Bankruptcy Code, an award of prejudgment interest was compensatory, not punitive. Opinion at p. 667, citing *In re Fulghum Constr. Corp.,* 45 B.R. 112, 121–122 (Bankr.M.D.Tenn.1984), *aff'd* 78 B.R. 146 (M.D.Tenn.1987), *rev'd on other grounds,* 872 F.2d 739 (6th Cir.1989).

■ I agree with the bankruptcy court's determination that this award of prejudgment interest pursuant to Sections 547 and 548 of the Bankruptcy Code is compensatory, not punitive. The bankruptcy court's award was not based on notions of wrong or right, nor was it intended to punish. Rather the bankruptcy court's order merely returns the appellants to their original economic position by requiring them to pay back in the form of interest what they earned or should have earned, on the Trustee's funds. *In re Chase & Sanborn Corp.,* 127 B.R. 903, 909 (Bankr. S.D.Fla.1991).

The bankruptcy court then determined that the equities favored an award of prejudgment interest to the Trustee. Opinion at p. 667. The bankruptcy court found that when judgment entered for the Trustee, the appellants' receipt and retention of the funds was adjudged wrongful for purposes of assessing prejudgment interest, regardless of the appellants' original intent or the merits of their subsequent positions at trial and on appeal. Opinion at p. 668.

The bankruptcy court found that the appellants' numerous continuances and appeals contributed significantly to the almost ten year delay in reaching judgment.[1] The court noted that the appellants had not suffered prejudice from the delays since they retained the use and benefit of the funds. The bankruptcy court further concluded that equity favored an award of prejudgment interest to the Trustee to "compensate[ ] the debtor's estate for the use of those funds for the period of time that they were wrongfully withheld from the estate." Opinion at p. 668, quoting *In re H.P. King Co.,* 64 B.R. 487, 489 (Bankr.E.D.N.C.1986).

I agree with the bankruptcy court that the equities of the case favor an award of prejudgment interest to the Trustee. Appellants wrongfully held the disputed funds for almost ten years, during which the estate was denied their use and benefit. The Trustee in no way unjustifiably delayed resolution of this case, in contrast to the extended and repeated delays caused by the appellants. Given these facts, I cannot find a clear abuse of discretion in the bankruptcy court's award of prejudgment interest to the Trustee.

Accordingly IT IS ORDERED that the bankruptcy court's order awarding prejudgment interest to the Trustee is affirmed, and judgment shall be entered accordingly.

---

1. The court noted that it considered the conduct of the appellants "suspect" with regard to several requests for continuances on the eve of trial, but declined to impute responsibility for such conduct to improper motives. Opinion at p. 668 n. 9.