**In re SELMA APPAREL CORPORATION,**
Debtor.

**UNITED STATES of America, Appellant,**

v.

**Joseph J. BURTON, Jr., Trustee for the Estate of Selma Apparel Corporation, Appellee.**

Bankruptcy No. 87–00929.
Adv. No. 89–0140.
Civ. A. No. 91–0385–B–C.

United States District Court,
S.D. Alabama, S.D.

Sept. 27, 1991.

Eugene A. Seidel, Mobile, Ala., Steve Segreto, Dept. of Justice, Civ. Div., Washington, D.C., for Selma Apparel Corp.

David W. Pollard, James W. Dilz, Atlanta, Ga., for Joseph J. Burton, Jr.

## MEMORANDUM OPINION

BUTLER, District Judge.

This is an appeal by the United States from the order of the Bankruptcy Judge denying relief from the automatic stay provisions of 11 U.S.C. § 362. The issue presented on appeal is whether the Bankruptcy Judge erred in his determination that the exemption from the stay of 11 U.S.C. § 362(b)(4) did not apply to the government in its attempt to prosecute a claim against the debtor under the False Claims Act, 31 U.S.C. §§ 3729–3733, in the Eastern District of Pennsylvania after the filing of the Bankruptcy petition in this court.

### Background

On June 16, 1987, an involuntary Chapter 7 petition was filed against Selma Apparel Corporation. On June 19, 1987, the United States filed a civil complaint in the Eastern District of Pennsylvania seeking damages and equitable relief against Selma and seven other defendants. The claims against Selma in the Philadelphia lawsuit included one under the False Claims Act, 31 U.S.C. §§ 3729–3733. On June 26, 1987, the United States filed a motion for a determination that its claims were exempt from the stay under 11 U.S.C. § 362(b)(4) or in the alternative for relief from the stay. After initial granting the government's motion for relief, the Bankruptcy Court later reconsidered and denied the request for relief from the stay.

Although the Bankruptcy Court's order related to whether the court should grant relief from the stay, the government's position on appeal is that it was exempt from the stay pursuant to 11 U.S.C. § 362(b)(4). Therefore, the court now need decide only the applicability of § 362(b)(4), not the propriety of granting relief from the stay. Because the issue is purely legal, the court reviews the decision of the Bankruptcy Court de novo. E.g., In re Sublett, 895 F.2d 1381, 1383 (11th Cir.1990).

### Conclusions of Law

■■■ The filing of a bankruptcy petition does not act to stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). The tests often used to determine whether the government action is excepted under the "police power" exception are: the pecuniary purpose test and the public policy test. See In re Commerce Oil Co., 847 F.2d 291, 295 (6th Cir.1988). The pecuniary purpose test focuses on whether the government action "relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety." Id. at 295. The public policy test focuses on whether the proceedings seek to adjudicate private rights or those that effectuate public policy. Id.

■■■ A suit by the government simply to collect a debt does not fall within the

exemption to the automatic stay. *See, e.g., United States v. Seitles,* 106 B.R. 36, 39–40 (S.D.N.Y.1989). If the government's primary purpose is the furtherance of a public policy, an action is exempted from the automatic stay even if the secondary purpose is pecuniary. *Commerce,* 847 F.2d at 295. The purpose of the False Claims Act is to punish and deter people from defrauding the government as well as to compensate the government for loss. *See In re Commonwealth Cos.,* 913 F.2d 518, 525 (8th Cir.1990). The Act allows the government to seek a civil penalty of between $5,000 and $10,000 plus treble damages. 31 U.S.C. § 3729(a).

In the Philadelphia action, the government sought compensation for its losses as well as a penalty against the debtor. Even if the government's primary purpose was compensation for pecuniary loss, the substantial and legitimate police and regulatory interests furthered by the FCA are of sufficient weight so as to qualify for the § 362(b)(4) exemption from the stay. *Commonwealth,* 913 F.2d at 526. The government has alleged that Selma and others were involved in a continuing conspiracy to defraud the government. The government's claims here are more than simply for a breach of contract. Thus, in this case, the government's claims under the FCA meet the tests for excepting police and regulatory actions from the automatic stay. *Cf., In re Chateaugay Corp.,* 115 B.R. 28, 31 (Bankr.S.D.N.Y.1988).

### Conclusion

The bankruptcy court erred in denying the government an exemption from the automatic stay to pursue its claims against the debtor under the False Claims Act. Nothing in this opinion, however, restricts the ability of the bankruptcy court to issue a discretionary stay under 11 U.S.C. § 105 if the debtor can show necessity. *See Commonwealth,* 913 F.2d at 527. The decision of the bankruptcy court is REVERSED. It is so ORDERED.