**In re SYNERGY DEVELOPMENT CORP., Debtor.**

**Bankruptcy No. 91 B 22004.**

United States Bankruptcy Court, S.D. New York.

June 8, 1992.

Robert Abrams, Atty. Gen. of the State of N.Y. and G. Nicholas Garin, Asst. Atty. Gen., Poughkeepsie, N.Y., for State of N.Y.

Lichtenstein & Schindel, Mamaroneck, N.Y., for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The State of New York (the "State") has presented the debtor, Synergy Development Corporation ("Synergy"), with a Hobson's Choice. The State has moved to have this court declare that the automatic stay does not apply pursuant to 11 U.S.C. § 362(b)(4) or, in the alternative, for relief from the automatic stay to enforce in a state court the terms of a prepetition stipulation into which the debtor entered with the State. The stipulation allows the State to enter an order enjoining the debtor from selling or renewing memberships in its health club unless it posts a $50,000.00 bond with the Secretary of State. The debtor claims that it cannot post such a bond and cannot proceed with its Chapter 11 reorganization if it cannot sell and renew memberships.

## BACKGROUND

On December 18, 1991, the debtor filed with this court a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and was continued in management and possession of its property and business in accordance with 11 U.S.C. §§ 1107 and 1108. The debtor owns and operates a health and fitness spa.

On October 21, 1991, pursuant Executive Law § 63(12), the State of New York instituted a special proceeding in New York State Supreme Court, Dutchess County, against the debtor for an order enjoining the debtor from engaging in repeated fraudulent or illegal acts in New York and directing the debtor to pay restitution and damages to those injured by such activities. The State alleged, among other things, that the debtor failed to post a $50,000.00 bond as security, which is required of health clubs pursuant to New York General Business Law § 622–a.

By stipulation dated November 7, 1991, the debtor and its principals agreed to set-tle the State's proceeding by paying restitution to consumers victimized by the debtor's actions and to pay the State a civil penalty of $2,500.00 and costs of $2,000.00. The payments to consumers were to commence immediately and were to be paid in installments concluding May 1, 1992. The stipulation also provides that if the debtor defaults on its obligations, an order will be entered on consent which shall require the debtor to post a bond or other security with the Secretary of State of New York in the sum of $50,000.00 to continue selling or renewing existing memberships at the health club.

The stipulation further provides that if the debtor defaults on its obligations, the debtor has ten days to cure such default before the State may submit a proposed order. In a letter dated February 21, 1992, the State notified the debtor that it was in default of the stipulation. The debtor did not cure its default within the ten day period, nor has it cured it to date.

## DISCUSSION

Bankruptcy does not grant a debtor greater rights than those it would receive outside of bankruptcy. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The purpose of the automatic stay is to allow a debtor to maintain the status quo in order to file a plan of reorganization, not as a sword to stop the State from enforcing its police or regulatory powers. A chapter 11 debtor "is not *pro tanto* excused by virtue of its bankruptcy from complying with valid and enforceable state and local regulation[s]. By virtue of 28 U.S.C. § 959(b), it is required to obey them." *In re Beker Industries Corp.*, 57 B.R. 611, 624 (Bankr. S.D.N.Y.1986).

New York General Business Law § 622–a provides:

1. Every health club, except as provided in subdivision ten of this section, before it enters into any contract for services for use by a buyer of a health club, shall file and at all times maintain with the secretary ...

(a) A bond with a corporate surety, from a company authorized to do business in this State.

    ....

2. The principal sum of the bond ... shall be;

    (a) Fifty thousand dollars if the health club sells contracts for services for a term not greater than twelve months.

N.Y.Gen. Bus.Law § 622–a 1(a) & 2(a) (McKinney 1992 Supp.).

■ The State argues that pursuant to 11 U.S.C. § 362(b)(4), the automatic stay should not preclude it from proceeding to enter an order in the state court proceeding imposing the injunction consented to by the debtor. Section 362(b)(4) states:

(b) The filing of a petition under section 301, 302, or 303 of this title, ... does not operate as a stay—

    ....

    (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit's police or regulatory power.

11 U.S.C. § 362(b)(4). The debtor argues that it cannot post the $50,000.00 bond and that precluding it from selling or renewing memberships will effectively destroy its Chapter 11 reorganization.

To determine whether a particular government action is within the "police power" exception, courts apply two tests, the pecuniary purpose test and the public policy test. *N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 833–34 (9th Cir. 1991); *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291, 295 (6th Cir.1988); *In re Selma Apparel Corp.*, 132 B.R. 968, 969 (S.D.Ala.1991); *United States v. Seitles*, 106 B.R. 36, 38–39 (S.D.N.Y.1989). Under the pecuniary purpose test, a court must focus on whether the government action "relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety." *Commerce Oil*, 847 F.2d at 295. Under the public policy test, a court must decide whether the proceedings seek to adjudicate private rights or those that effectuate public policy. *Id.*

This is not a case where a governmental unit seeks to exercise its police power in an effort to help a creditor collect a prepetition debt. Such enforcement of police power is not excepted from the automatic stay. *See, e.g., In re Massenzio*, 121 B.R. 688 (Bankr.N.D.N.Y.1990) (New York State Department of Insurance commenced action to revoke debtor's insurance license and such action was intended solely to protect pecuniary interest of creditor).

In *In re Edwards Mobile Home Sales, Inc.*, 119 B.R. 857 (Bankr.M.D.Fla.1990), the court found that the automatic stay did not apply to the State of Florida's revocation of the debtor's mobile home dealer's license. In *Edwards*, a Chapter 11 debtor sought to enjoin a bonding company from revoking the surety bond it had issued in favor of the debtor and the State of Florida from revoking the debtor's license to sell mobile homes. As a condition of operating its mobile home dealership, the debtor had to obtain a license issued by the State of Florida Department of Highway Safety and Motor Vehicles. To obtain such a license, the debtor had to secure a surety bond. The debtor's surety notified it and the State of Florida that it was cancelling the surety bond. Florida, in turn, notified the debtor that it would revoke the debtor's license unless a replacement surety bond was secured. The debtor could not operate its business without the required license. The court held that

    [i]t is clear from the record the license requirement is for the benefit and protection of potential mobile home purchasers. Consumer protection is included in the ambit of the government's police and regulatory powers. Actions taken by the State of Florida as regard the license clearly go to the State's interest in public protection.

*Id.* at 860.

The legislative history of section 362(b)(4) also indicates that Congress intended to except from the automatic stay, governmental actions to protect consumers.

Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, *consumer protection,* safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6299; S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5838 (emphasis added).

In the instant case, the State brought a prepetition action against the debtor because the debtor failed to satisfy the $50,000.00 bond requirement for health clubs operating in the New York State. This requirement is to protect consumers who purchase health club memberships only to be defrauded should the health club close. This court cannot imagine a purer exercise of a State's regulatory or police powers. The State is not attempting to withhold the debtor's right to operate its health club by not issuing a certificate to operate or similar license, which might violate sections 362(a)(3) and 541(a). *See Draughon Training Institute, Inc.,* 119 B.R. 921, 925–26 (Bankr.W.D.La.1990). Moreover, the State is not attempting to collect the restitution that the debtor promised to pay for prepetition damages to consumers. The State is not disqualifying the debtor from operating its business, but rather, requiring the debtor to satisfy state regulatory requirements to the same extent the State requires non-debtor health clubs to satisfy such obligations. While the debtor does have a Hobson's Choice, because it must decide whether to post a $50,000.00 bond or stop selling or renewing memberships, it is a choice which the debtor retains sole control to make whereas in *Draughon,* the debtor's ability to operate was terminated by the State of Florida when it refused to issue the debtor a certificate to operate.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 28 U.S.C. § 157(a).

This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).

2. The automatic stay does not apply to the State's action brought to enforce section 622–a of the New York General Business Law, which requires health clubs post a $50,000.00 bond in order to sell memberships of a certain duration. The State's action was brought to protect future consumers and is within the State's police or regulatory powers pursuant to 11 U.S.C. § 362(b)(4).

3. The State may proceed to enter the prepetition stipulation into which it entered with the State.