In re Stanley DURKALEC and Mary Durkalec, & as Husband and Wife, Debtors.

COMMONWEALTH OF PENNSYLVA-NIA STATE EMPLOYES' RETIRE-MENT FUND, Plaintiff,

v.

Stanley Joseph DURKALEC and Mary A. Durkalec, h/w and Norman Acker-man, Esquire, Trustee, Defendants.

Bankruptcy No. 81–02583K.
Adv. No. 81–1920K.

United States Bankruptcy Court, E. D. Pennsylvania.

July 14, 1982.

John Swartz, Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Arthur E. Dennis, Mitchell W. Miller, Philadelphia, Pa., for debtors/defendants.

Norman Ackerman, Philadelphia, Pa., trustee/defendants.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion by the debtors, Stanley Joseph Durkalec and Mary A. Durkalec, for relief from an Order granted by the United States Bankruptcy Court for the Eastern District of Pennsylvania on March 17, 1982. That Order lifted the automatic stay during the pendency of the debtors' Chapter 7 proceeding, allowing the plaintiff, Commonwealth of Pennsylvania State Employes' Retirement Fund, to proceed with execution process against the residence of the debtors. For the reasons stated below, this Court will grant the debtors' motion for relief.[1]

The factual situation of this case bears some explanation. Debtors originally filed a Chapter 7 petition in this Court. Subsequently, the plaintiff sought relief from the automatic stay pursuant to 11 U.S.C. § 362 which this Court duly granted on March 17, 1982. As a result of that Order, a sheriff's sale of the debtors' residence was scheduled for May 3, 1982. The Order further held that this decree was res judicata with respect to the plaintiff and defendants and that the "... filing of any future petitions in Bankruptcy should not affect the instant Order granting relief from the Code Section 362 Stay."[2]

In the interim, the husband debtor became gainfully employed and accordingly, became eligible for relief under Chapter 13, an avenue which had been previously foreclosed to the debtors because of their unemployment. Consequently, the debtors con-

verted this case from Chapter 7 to Chapter 13 on April 30, 1982. A plan was contemporaneously filed which offered to pay plaintiff the full amount of the arrearages totalling $9,500: the sum of $4,500, held in escrow by counsel to be paid upon confirmation of the plan and the balance of $5,000 to be paid under the plan. In addition, current mortgage payments would be paid during the pendency of the Chapter 13 proceeding.

Based upon this unique factual situation, the debtors have petitioned this Court for relief from the Order of March 17, 1982, pursuant to Rule 60 of the Federal Rules of Civil Procedure,[3] as applied in bankruptcy cases through the Rule of Bankruptcy Procedure 924. The sole issue before us, therefore, is whether this Court, as a court of equity, is justified in vacating a final judgment on the basis of changed circumstances. In the interest of equity and justice, we must answer affirmatively.

In addressing this issue, we must first confront the question concerning the power of this Court to vacate an Order which is res judicata. *In re Burley*, 11 B.R. 369 (Bkrtcy.C.D.California 1981) held that it is well established that the Bankruptcy Court as a court of equity, has the power to vacate an order or decree.[4]

That power is inherent in the jurisdiction of the chancery and is explicitly defined in F.R.Civ.P. 60. The exercise of that power lies within the discretion of the trial court, guided by traditional principles of equity jurisprudence. In simple English, the language of the "other reason" clause [60(b)(6)] vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. *Id.* at 373.

---

1. This Opinion constitutes findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Order of March 17, 1982.

3. Rule 60. Relief from Judgment or Order. "On a motion and upon such terms that are just, the Court may relieve a party or his

legal representative from a final judgment, order or proceeding for the following reasons:...; or 6) any other reason justifying relief from the operation of the judgment....".

4. Also, see *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949).

In addition, not only does the Bankruptcy Court have the power to vacate a final judgment but also may exercise this power very liberally. The only criteria necessary is to "accomplish justice." Specifically, "Rule 60(b)(6) should be liberally applied to accomplish justice and when a cause is properly within clause (6), the Court has broad legal discretion to grant or deny relief in light of the relevant circumstances...." *In re Ireco Industries, Inc.*, 2 B.R. 76, 84 (Bkrtcy.D.Oregon 1979). In short, Rule 60(b)(6) is a reservoir of equitable power to do justice in particular cases where relief is warranted. *Matter of Smith*, 3 B.R. 224 (Bkrtcy.E.D.Virginia 1980). Unquestionably, therefore, it is well within the jurisdictional ambit of this Court to vacate an order or decree which is res judicata.

██ We are now brought to the question of what circumstances warrant the exercise of this power. The principal purpose of Rule 60(b)(6) is to deal with unforeseen contingencies. The basic policy tension in determining whether a final judgment should be set aside revolves around whether the factual or legal circumstances have changed to such an extent that the Court's interest in deciding the case on the merits outweighs its interests in orderly procedures and the finality of judgments. When strict adherence to the doctrine of res judicata results in injustice being done in light of changing circumstances, the equitable relief of Rule 60(b)(6) is required.

> "A Court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." *United States v. Swift and Co.*, 286 U.S. 106, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999.[5]

██ When applied to the facts at hand, it is apparent that a denial of the debtors' relief founded solely upon res judicata would result in the transformation of the Order issued by this Court on March 17, 1982 into an "instrument of wrong". After the lifting of the automatic stay but prior to the sheriff's sale of the debtors' residence, employment circumstances of the debtors changed dramatically. Not only did the husband debtor find employment which enabled the debtors to convert the case from Chapter 7 to Chapter 13, but the debtors also submitted a viable repayment plan which would make the plaintiff whole. In effect, almost 50 per cent of the mortgage arrearages are to be paid upon confirmation of the plan while the balance is to be paid under the plan. In conjunction with the substantial equity that the debtors allegedly retain in their residence,[6] it is inconceivable how the plaintiff could be prejudiced. To allow the plaintiff to stand on a soap box and scream "res judicata" would surely defeat equitable jurisprudence.

Accordingly, an Order will be entered granting the relief requested by the debtors. However to insure that the plaintiff is not prejudiced in any way, this relief is conditioned upon the implementation and prompt execution of the debtors' plan. Should this plan or any part of it fail, that is, should debtors default on any obligation and fail to comply within thirty (30) days, this Order shall allow the automatic stay of 11 U.S.C. § 362 to be terminated.

---

5. Also see *System Federation v. Wright*, 364 U.S. 642, 647, 81 S.Ct. 368, 371, 5 L.Ed.2d 349 which held that "sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or of fact, obtaining at the time of issuance, have changed....".

6. Debtors' property is allegedly valued at $55,-000, with a balance due to the plaintiff of $30,-000. Consequently, debtors' equity is approximately $25,000. Plaintiff, therefore, is adequately protected. (Notes of Testimony from hearing held on April 30, 1982, p. 7).