**In re Herman F. SUMMERS, Debtor.**

**Charles A. SZYBIST, Trustee, Plaintiff,**

**v.**

**Martha G. SUMMERS, Defendant.**

**Bankruptcy No. 5–90–00471.**
**Adv. No. 5–91–0006.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 29, 1993.

Charles A. Szybist, Williamsport, PA, Trustee/plaintiff.

Richard A. Gahr, Williamsport, PA, for defendant.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion of Charles A. Szybist, Esquire (hereinafter "Plaintiff") requesting this Court to reconsider its earlier Order of September 16, 1992 and for further post-trial relief; namely, a new trial of the underlying issue. For the reasons provided herein, we deny the Plaintiff's Motion for Reconsideration and further post-trial relief.

The facts are as follows. On or about May of 1991 the Plaintiff filed a three count Complaint against the Defendant alleging a preferential transfer under 11 U.S.C. § 547 and a fraudulent conveyance under § 548 of the United States Bankruptcy Code. Further, the Complaint requests that the alleged lien of the Defendant be relegated to a position behind the Trustee pursuant to the dictates of § 544 of the Code. The matter was fully briefed and after the presentation of the evidence on the preferential transfer count the Court, upon Motion of the Defendant, dismissed the preferential cause of action. At the conclusion of the testimony on the fraudulent conveyance action the Court, once again, on Motion of the Defendant, granted a Motion to Dismiss the fraudulent conveyance action. Following the conclusion of the evidence submitted during the fraudulent conveyance cause of action, however, the Court found facts sufficient to find the existence of a preferential transfer based on the Defendant's testimony and exhibits. It is this September 16, 1992 Order dismissing both the preferential and fraudulent conveyance actions but nonetheless finding facts supporting the existence of a preferential transfer based on Defendant's testimony and exhibits which is the basis of the instant Motion.

The Motion for Reconsideration more specifically indicates that at the conclusion of the preferential transfer testimony the Court dismissed that action based upon the finding that there was no creditor/debtor relationship between the debtor and the Defendant. The Motion further provides that at the close of all the evidence when the case was dismissed the Court found as a fact that there was a debtor/creditor relationship between the Defendant and the Plaintiff and made all other findings of fact which would have supported the cause of action under the preferential transfer section of the Bankruptcy Code. Consequently, Plaintiff requests the Bankruptcy Court to exercise its equitable powers to reconsider, modify, or vacate its own Order because that would accomplish justice. Defendant's response is to request the Court to deny the Motion and in support thereof

the Defendant recounts the testimony presented at the time of the trial and makes basically the same arguments in its trial brief and in its answer that the underlying facts do not give rise to either a preferential transfer or fraudulent conveyance action.

When confronted with a Motion for Reconsideration this Court finds much guidance in *In re Fidelity State Bank*, 130 B.R. 578 (D.Kansas 1991), in which the Court writes the following:

> The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan.1990); *Butler v. Sentry Insurance*, 640 F.Supp. 806, 812 (N.D.Ill.1986).

■ Plaintiff's Motion requests reconsideration or in the alternative a new trial pursuant to Bankruptcy Rule 9023. Ordinarily, motions to reconsider are brought under Rule 9024 and motions for new trial are brought under Rule 9023. This Court will treat the instant Motion as a request under both Rule 59 and 60 of the Federal Rules of Civil Procedure as made applicable to bankruptcy cases by Bankruptcy Rule of Procedure 9023 and 9024 respectively. We take this approach because it is the function of the Motion, not the caption which dictates which rules apply. *Turner v. Evers*, 726 F.2d 112, 114 (3rd Cir.1984). Furthermore, the distinction between a Motion filed under Federal Rule of Civil Procedure 59 as opposed to those filed under Rule 60(b) is that under Rule 59, the motion must be served in a timely fashion; namely, within ten (10) days from the date of the order subject to the motion under Rule 59. If that service is timely the Debtor has the potential to invoke either of the procedural rules and the remedies contemplated therein. See *In Re Tuan Tan Dinh*, 90 B.R. 743 (Bkrtcy.E.D.Pa.1988), Citing *Smith v. Evans*, 853 F.2d 155, 157–62 (3rd Cir.1988), and *In re Campfire Shop, Inc.*, 71 B.R. 521, 523–24 (Bkrtcy.E.D.Pa.1987).

■ Initially, we will review the instant motion under the dictates as contemplated by Federal Rule of Civil Procedure 60(b) as made applicable in bankruptcy proceedings by bankruptcy Rule 9024. We look to the *In re Tuan Tan Dinh* case at page 745 which provides the following:

> ... A Rule 60(b) motion, on the other hand, contemplates relief on the basis of a mistake, inadvertence, excusable neglect, or newly-discovered evidence by a party, or 'any other reason.' However, such a motion does not, generally, empower the court to change its decision if it believes, after submission of the motion, that it has simply erred on legal grounds. See *Smith*, at 158–59; and 7 J. MOORE, FEDERAL PRACTICE, 60.-22[2], at ¶ 60–175 to 60–185 (2d ed. 1988).

The Movant directs our attention to the case of *In re Durkalec*, 21 B.R. 618 (Bkrtcy.E.D.Pa.1982) for the proposition that a Court may vacate or modify an Order to accomplish justice. The Movant further indicates that this standard was adopted by the Middle District of Pennsylvania in the case of *In re Johnson v. Morgan*, 29 B.R. 372 (Bkrtcy.M.D.Pa.1983). This Court recognizes, as a general matter, the propositions enunciated by the *Durkalec* Court, and in particular, that in the interest of equity and justice, a bankruptcy court may be justified in vacating a final judgment.

The Movant further indicates that the part of the Rule contemplating relief for "any other reason justifying relief from the operation of the judgment" is the basis upon which this Court can grant the relief. We note that the *Durkalec* fact situation presented one in which there were substantial changed circumstances in the lives of the individual debtors which compelled a modification or vacating of a previous Order. In particular, a Motion to Lift Stay was granted to a creditor while the debtors were in a Chapter Seven case. Thereafter, the debtor obtained gainful employment thus enabling him to meet the dictates of Chapter Thirteen in order to pay the arrearage. Nothing presented by the Movant in its Motion or its Brief would lead this Court to a conclusion that the dictates of Rule 60(b) have been met and, consequently, the Motion for Reconsideration under Rule 60(b) is denied.

■ The Court will now address the prerequisites to the granting of a Motion for a new Trial contemplated by Rule 59(a) as made applicable to Bankruptcy Procedures under Bankruptcy Rule 9023.

Rule 59(a) provides as follows:

**(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; *and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.*

For guidance concerning this section, we direct the parties attention to Moore's Federal Practice Vol. 6A, ¶ 59.07 at page 59–71 et. seq. which provides the following:

The rehearing in equity was said to be available for the same reasons that a new trial would be granted at common law. It is obvious that many of the reasons for a new trial, where there has been a jury trial, would not apply in a non-jury case. But, wherever appropriate, a rehearing in equity and, under the Rules, a new trial in non-jury actions should lie where a new trial at law, or in a jury action under the Rule, could be obtained.

Just as at law, a rehearing in equity and its present counterpart, a new trial in a court action, will not lie merely to relitigate old matters; nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial. As a practical matter, in equity formerly and in court actions now, three grounds for new trial are most commonly known: for manifest error of law or fact, and for newly discovered evidence. As in jury actions, the court may order a partial retrial limited to particular issues or parties.

Once again, a review of the Motion and Brief does not indicate any of the grounds under which new trials are commonly granted. The Movant has not alleged that the Court made an error of law or even of fact or that there was newly discovered evidence.

The Movant/Trustee had a burden of proof under the dictates of the United States Bankruptcy Code under both of the causes of action and after the presentation of the evidence on the preferential transfer cause of action, the Court determined that the Trustee simply had not met his burden of proof and, therefore, that case was dismissed. An issue arises at this point which was neither raised nor briefed by either of the parties and that concerns whether or not the Court's findings at the end of the preferential transfer action were res judicata concerning the fraudulent transfer action which followed.

The *Durkalec* case, supra at p. 620, indicates that "it is well within the jurisdictional ambit of this Court to vacate an Order or

Decree which is res judicata." The *Durkalec* Court continues

We are now brought to the question of what circumstances warrant the exercise of this power. The principal purpose of Rule 60(b)(6) is to deal with unforeseen contingencies. The basic policy tension in determining whether a final judgment should be set aside revolves around whether the factual or legal circumstances have changed to such an extent that the Court's interest in deciding the case on the merits outweighs its interests in orderly procedures and the finality of judgments. When strict adherence to the doctrine of res judicata results in injustice being done in light of changing circumstances, the equitable relief of Rule 60(b)(6) is required.

"A Court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." *United States vs. Swift and Co.*, 286 U.S. 106, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999 [ (1932) ].

The *Durkalec* Court found "that a denial of the Debtor's motion founded solely upon res judicata would result in a transformation of the Order issued by this Court on March 17, 1982 into an 'instrument of wrong' ".

We draw the attention of the parties to Moore's Federal Practice, Vol. 1B, at ¶ 0.409(1.–1) at page 301, wherein the following is found: "In the Federal District Courts it is provided by the Rules that a judgment is effective upon entry and compliance with Rules 58 and 79, . . .". Rule 58 of the Federal Rules of Civil Procedure is applicable to Bankruptcy Procedures by Bankruptcy Rule 9021 which provides, in pertinent part, as follows:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

Rule 5003 parallels the Federal Rule of Civil Procedures 79.

At the conclusion of all the testimony, the Court rendered a decision which, pursuant to the Rules, was not, at that point, final. Plaintiff did not make any oral motions at that time requesting the Court to either reconsider its decision or to grant it a new trial.

██ Finally, this Court notes Rule 41(b) calls for a Motion by the Plaintiff for dismissal in cases tried to a Court and further provides that "unless the Court otherwise specifies" in the Order of Dismissal, a dismissal on such a Motion operates as an adjudication on the merits. See Moore's Federal Practice, Vol. 1B, ¶ 0.409(1.–2), at page 313. Additionally, under the dictates of *O'Brian v. Westinghouse Electric Corp.*, 293 F.2d 1 at page 9 (3rd Cir.1961), "It is clear a Motion under Rule 41(b) for dismissal at the end of plaintiff's case, that upon the facts and the law the plaintiff has shown no right to relief, is proper in a case without a jury. Upon granting such a Motion, the Court should make findings of fact and conclusions of law pursuant to Rule 52(a)." *In re Athos Steel and Aluminum, Inc.*, 71 B.R. 525 (Bkrtcy.E.D.Pa.1987). (Rule 41(b) and Rule 52(a) are made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9041 and 7052, respectively.) As the trier of fact, this Court has the right to use its judgment in weighing the Plaintiff's evidence and, then, considering at that juncture before the Defendant puts on his testimony, whether or not to grant the Motion to Dismiss. See *In re Woerner*, 66 B.R. 964 (Bkrtcy.E.D.Pa.1986). The Court made appropriate findings of fact and conclusions of law at the time of trial and determined that at the end of Plaintiff's presentation of evidence that he had not met his burden imposed upon him under Section 547 of the United States Bankruptcy Code. Consequently, the Motion for dismissal made at the close of the Plaintiff's case was granted by the Court and such adjudication by this Court was on the merits.

However, that decision, under the Rules of Civil Procedure, did not become final until that decision was docketed. Neither was the record closed. At that point, a number of trial options were available to the Plaintiff; such as, requesting that the record be reopened for possible submission of new evidence. However, Plaintiff made no Motion or such request at that time. This Court then suggested the availability of a Motion for Reconsideration to the Plaintiff.

This discussion now turns full circle back to the initial considerations set forth by the Court above quoting the guidance found in *In re Fidelity State Bank* when presented with a request for reconsideration and the requirements under both Rule 59 and 60. The question arises as to what exactly the Movant requested the Court to reconsider. The Movant has not alleged that this Court made a mistake of fact, law, or found new evidence not available to it before or at the time of trial. Consequently, all of the traditional reasons to grant a Motion for Reconsideration and further modify a prior Order were not presented in the Motion and supporting Brief. The same applies for the Motion under Rule 59 and this Court will not grant such Motion to permit the Debtor to relitigate the same issues. In short, all of the above can be summarized into a finding that the Movant had a burden of proof to meet under the preferential transfer section of the Code and that that burden and, in particular, the elements presented in Section 547(b) of the Bankruptcy Code, were not met by the Movant during his presentation of the evidence at the time of trial. This Court can contemplate no equitable reason under the present facts and circumstances in which to grant the instant Motion. A separate judgment will be entered.