In re John ECKEL, Debtor.

John Graham, Trustee, Plaintiff,

v.

John Eckel, et al., Defendants.

No. 02–3481.

United States Bankruptcy Court, N.D. Ohio.

July 15, 2005.

John N. Graham, Toledo, OH, Trustee.

Benjamin A. Randall, Toledo, OH, for Defendants William and Tracy Kovalcik.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Motion of the Trustee, John Graham, for Reconsideration of this Court's Order Dated 3/29/2005 Dismissing William/Tracy Kovalcik as Party Defendants. At the Hearing held on this matter, the Court deferred judgment so as to afford the matter thorough consideration. The Court has now had this opportunity, and hereby holds that the law does not permit the entry of the relief sought by the Trustee.

Procedurally speaking, the essence of the relief sought by the Trustee is that for Relief from Judgment. Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Bankruptcy 9024, sets forth the six grounds for which judgment may be set aside:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has be reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

In seeking relief under Rule 60(b), the Trustee cited to various actions of the Defendants which he puts forth interfered with his duties to maximize the available assets for distribution to unsecured creditors: (1) hiring more than one attorney during the pendency of the case; (2) during the pendency of the case, refinancing the property constituting the subject of the litigation; and (3) failing to effectuate agreed upon settlement terms. According to the Trustee, these actions were egregious in their scope; and that to deny the relief sought would allow the Defendants to obtain a "windfall" on account of their wrongful conduct.

As it concerns the six available grounds upon which relief may be afforded under Rule 60(b), the Trustee's basis for seeking relief from judgment is necessarily equitable in nature. And as such, the only available ground upon which relief may be afforded is through the residual provision of paragraph (6) of Rule 60(b): for "any other reason justifying relief from the operation of the judgment."

Relief from judgment under Rule 60(b)(6) is only to granted in exceptional or extraordinary circumstances. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 579 (6th Cir.1998). Its principal purpose is to deal with unforeseen contingencies. *In re Durkalec*, 21 B.R. 618, 620 (Bankr.E.D.Pa. 1982). It may be applied where, as argued here, a substantial injustice or inequity would result if the judgment were to con-

tinue in effect. *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 134 (6th Cir.1990)

■ In this matter, the allegations put forth by the Trustee raise a very serious concern. Any intentional interference with a trustee's duties simply cannot be tolerated. For the Trustee, however, the difficulty is that there has been no substantial change in circumstances; the Trustee bases his Motion upon those facts which were in existence at the time the Court dismissed the Defendants as party-defendants, the order from which relief is now sought.

■ Judgments are to be accorded a strong presumption of finality, and should not be set aside merely because an inequity would result. *Waifersong Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992) (Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation). And in this matter, although the concerns of the Trustee may be very well-founded, the lack of any significant change in circumstances constrains this Court to find that the principle regarding the finality of judgments carries greater weight. In this way, a Rule 60(b) motion is not a substitution for an appeal. *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Trustee, John Graham, for Reconsideration of this Court's Order Dated 3/29/2005 Dismissing William/Tracy Kovalcik as Par-

ty Defendants, be, and is hereby, DENIED.